AO 241
(Rev. 12/04)

$08 - 274$

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Delaware | |
|---|---|---|
| Name (under which you were convicted): <br><br> Asuncion R. Sanchez | | Docket or Case No.: |
| Place of Confinement : <br><br> Delaware Correctional Center | Prisoner No.: <br> 511628 | |
| Petitioner (include the name under which you were convicted) <br><br> Asuncion R. Sanchez | Respondent (authorized person having custody of petitioner) <br><br> v.  Warden Elizabeth Burris | |
| The Attorney General of the State of    Joseph R. Biden III | | |

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    New Castle County
    Superior Court
    500 North King Street
    Wilmington, Delaware 19801
    (b) Criminal docket or case number (if you know):
    Cr. A. No. IN03-08-1355R1
2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:
    August 13, 2004
3.  Length of sentence:
    20 years Level (5) suspended after 18 years
4.  In this case, were you convicted on more than one count or of more than one crime?    ☐ Yes    ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case:
    Murder Second Degree

> FILED
>
> MAY - 8 2008
>
> U.S. DISTRICT COURT
> DISTRICT OF DELAWARE

6.  (a) What was your plea? (Check one)

    ☐  (1)  Not guilty        ☐  (3)  Nolo contendere (no contest)

    ☒  (2)  Guilty            ☐  (4)  Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?

Pled guilty to Murder Second Degree

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☐   Jury   ☒ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐   Yes   ☐ No

8.   Did you appeal from the judgment of conviction?

    ☐   Yes   ☒ No

9.   If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?   ☐ Yes   ☐ No

    If yes, answer the following:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Result:

    (4) Date of result (if you know):

AO 241
(Rev. 12/04)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?        ☒ Yes        ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:
       New Castle County Superior Court
       (2) Docket or case number (if you know):
       I.D. No. 0308006394    Cr. A. No. IN03-08-1355R1
       (3) Date of filing (if you know):
       August 28, 2006
       (4) Nature of the proceeding:
       Motion For Postconviction Relief
       (5) Grounds raised:
       1.) Movant was not afforded a translator so he could
       understand the charges and nature of defense. Secured
       by the Sixth and Fourteenth Amendments.
       2.) Movant was not afforded an amenability hearing.
       Secured by the Sixth and Fourteenth Amendments.
       3.) Movant's attorney coerced movant into illegal plea.
       Secured by the Fifth, Sixth and Fourteenth Amendments.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes    ☒ No

(7) Result:
    Summarily Dismissed
(8) Date of result (if you know):

    Decenmber 4, 2006

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:
Delaware Supreme Court
(2) Docket or case number (if you know):
No. 12, 2007
(3) Date of filing (if you know):
May 29, 2007
(4) Nature of the proceeding:
Appeal
(5) Grounds raised:

1.) Defendant denied due process and effective assistance
of counsel. When counsel failed to secure Translator to
communicate with Mexican National. Secured by the Sixth
and Fourteenth Amendments.
2.) Defendant denied due process and effective assisatnce
of counsel. When counsel failed to secure amenability
hearing. Secured by the Sixth and Fourteenth Amendments.
3.) Defendant denied due process and effective assistance
of counsel. When counsel coerced the defendant into ille-
gal plea. Secured by the Fifth, Sixth and Fourteenth Ame-
ndments.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:
Dismissed pursuant to Supreme Court Rules 3(b)(2) and 29(b)
(8) Date of result (if you know):
July 24, 2007
(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐    Yes        ☐  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:      ☐   Yes      ☐   No

(2)  Second petition:   ☒   Yes      ☐   No

(3)  Third petition:     ☒   Yes      ☐   No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:   Defendant denied due process and effective assistance of
counsel. When counsel failed to secure translator to co-
mmunicate with Mexican National. Secured by the Sixth
and Fourteenth Amendments.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The record illustrates that the defendant was a Mexican National and
could not read, understand or write English, and that counsel was
directed by trial court, to contact the Mexican Consolate. Counsel
failed to contact the Mexican Consolate and instead provided a tran-
slator for portions of the criminal proceedings. A translator that
spoke a different dialect than the defendant was provided only for
a plea hearing, and sentencing .

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 12/04)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:
There was a language barrier between counsel and the defendant
thus counsel failed to make the defendant aware that he was
able to pursue a direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:
Motion For Postconviction Relief
Name and location of the court where the motion or petition was filed:
New Castle County
Superior Court
500 North King Street Wilmington, Delaware 19801
Docket or case number (if you know):
Cr. A. No. IN03-08-1355R1
Date of the court's decision:
December 4, 2006
Result (attach a copy of the court's opinion or order, if available):
See attached order I.D. No. 0308006394
                      Cr. A. No. IN03-08-1355R1

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☒ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Delaware Supreme Court

Docket or case number (if you know):
No. 12, 2007
Date of the court's decision:
July 24, 2007
Result (attach a copy of the court's opinion or order, if available):

See attached order   No. 12, 2007

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 12/04)                                                                                                    Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** Defendant was denied due process and effective assistance of counsel. When counsel failed to secure amenability hearing. Secured by the Sixth and Fourteenth Amendments.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel's failure to provide adequate assistance denied the defendant from providing documents that would have proven that the defendant was a minor at the time of his arrest and would have prevented the defendant as a minor, from being detained in an adult facility.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

There was a language barrier between counsel and the defendant, counsel was ineffective for his failure to make the defendant aware that he was able to pursue a direct appeal.

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:                                    PLEASE SEE ATTACHED COURT

Name and location of the court where the motion or petition was filed:            ORDERS

Docket or case number (if you know):

Date of the court's decision:

AO 241
(Rev. 12/04)

Result (attach a copy of the court's opinion or order, if available):     PLEASE SEE ATTACHED
COURT ORDERS

(3) Did you receive a hearing on your motion or petition?                     ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?               ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):                    PLEASE SEE ATTACHED
                                                        COURT ORDERS
Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
        have used to exhaust your state remedies on Ground Two

**GROUND THREE:** Defendant was denied due process and the effective
                assistance of counsel. when counsel coerced the de-
                fendant into an illegal plea. Secured by the Fifth,
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Sixth and Fourteenth Amendments.

                Once counsel recognized that the defendant was a Mexican
                National, and could not read, understand or write English,
                counsel abdicated his duties and coerced the defendant into
                accepting and signing an illegal plea agreement, that the
                defendant had no way of understanding.

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

There was a language barrier between counsel and the defendant, thus counsel failed to make the defendant aware that he was able to pursue a direct appeal

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒    Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

PLEASE SEE ATTACHED
COURT ORDERS

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

PLEASE SEE ATTACHED
COURT ORDERS

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 12/04)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ❑  Yes   ❑  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ❑   Yes   ❑   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 12/04)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
        have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 12/04)

Page 13

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒  Yes    ☐  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)  Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐  Yes    ☒  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐  Yes    ☒  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
       judgment you are challenging:

       (a) At preliminary hearing:

       (b) At arraignment and plea:

       (c) At trial:

       (d) At sentencing:

       (e) On appeal:

       (f) In any post-conviction proceeding:

       (g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
       challenging? .          ☐ Yes      ☒ No

       (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

       (b) Give the date the other sentence was imposed:

       (c) Give the length of the other sentence:

       (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
       future?                  ☐ Yes      ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
       the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

        In addressing the late filing of the petition to this court
the petitioner asks this court to recognize that the petitioner
has had to overcome a language barrier, as well as the fact that
the petitioner has had to learn to read and understand the Engli-
sh language, including the intracacies of the law, moreover. the
defendant has be provided with defective counsel throughout all
stages of the proceedings. The petitioner asks this court to help
him secure his rights.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

   (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
          custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

          (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
                 of the time for seeking such review;

          (B)    the date on which the impediment to filing an application created by State action in violation of
                 the Constitution or laws of the United States is removed, if the applicant was prevented from
                 filing by such state action;

          (C)    the date on which the constitutional right asserted was initially recognized by the Supreme
                 Court, if the right has been newly recognized by the Supreme Court and made retroactively
                 applicable to cases on collateral review; or

          (D)    the date on which the factual predicate of the claim or claims presented could have been
                 discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___5/4/08___ (month, date, year).

Executed (signed) on ___5/2/08___ (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

[Insert appropriate court]

* * * * *

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 0308006394 |
| | ) | |
| ASUNCION R. SANCHEZ, | ) | Cr. A. No. IN03-08-1355R1 |
| | ) | |
| Defendant. | ) | |

Submitted: December 1, 2006
Decided: December 4, 2006

UPON CONSIDERATION OF DEFENDANT'S *PRO SE*
MOTION FOR POSTCONVICTION RELIEF
**SUMMARILY DISMISSMED**.

This 4th day of December, 2006, upon consideration of defendant Asuncion R. Sanchez's motion for postconviction relief, it appears to the Court that:

1.    Asuncion R. Sanchez ("Sanchez") was charged with Murder First Degree, Possession of a Deadly Weapon During the Commission of a Felony, and Conspiracy First Degree.[1] He accepted an offer to plead guilty

---

[1] *See* DEL. CODE ANN. tit. 11, § 636; DEL. CODE ANN. tit. 11, § 1447; DEL. CODE ANN. tit. 11, § 513.

1

to Murder Second Degree[2] and was sentenced to 20 years in prison followed by probation.[3] Sanchez filed no appeal.

2.    Sanchez has now filed this *pro se* motion for postconviction relief. He argues that his rights under the Sixth and Fourteenth Amendments of the United States Constitution were violated.    Specifically, Sanchez claims that, because he is a Mexican national and does not speak English, he should have been afforded a translator since he could not understand the charges against him or any of what was said at the hearings and proceedings. Sanchez also maintains that his birth date is two years later than the date recorded on the Court's criminal docket, thus making him under the age of 18 at the time of his arrest. He, therefore, argues that an amenability hearing should have occurred in Family Court prior to him being charged as an adult in Superior Court.    Lastly, Sanchez asserts an ineffective assistance of counsel claim primarily alleging that his attorney coerced him into pleading guilty by forcing him to sign documents which he did not understand.    He also contends that his attorney never fully explained the charges and failed to adequately investigate the facts of the case.    According to Sanchez, counsel's actions, or lack thereof, fell below an objective standard of

---

[2] *See* DEL. CODE ANN. tit. 11, § 635.

[3] *See* Docket 11-13.

2

reasonableness and, but for counsel's errors, he would not have plead guilty. As a result, Sanchez argues that he did not enter his plea knowingly and voluntarily and, thus, seeks to withdrawal his guilty plea.[4]

3.      Prior to addressing the substantive merits of any claim for postconviction relief, the Court must first determine whether the defendant has met the procedural requirements of Superior Court Criminal Rule 61 ("Rule 61").[5] If the procedural requirements of Rule 61 are not met, in order to protect the integrity of the procedural rules, the Court should not consider the merits of a postconviction claim.[6]

4.      Rule 61(i) imposes four procedural imperatives: (1) the motion must be filed within three years of a final order of conviction;[7] (2) any basis for relief must have been asserted previously in any prior postconviction proceeding; (3) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules; and (4) any basis for relief must not have been formally adjudicated in any proceeding. However, under Rule

---

[4] *See* Docket 14, p. 3, 11-18.

[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990). *See also Bailey v. State*, 588 A.2d 1121, 1127 (Del. Super. Ct. 1991).

[6] *State v. Gattis*, 1995 WL 790961, at *2 (Del. Super. Ct. Dec. 28, 1995) (citing *Younger*, 580 A.2d at 554).

[7] The motion must be filed within three years if the final order of conviction occurred before July 1, 2005, and within one year if the final order of conviction occurred on or after July 1, 2005. *See* Rule 61, annot. *Effect of amendments*.

constitutional rights were violated because he was not provided a translator is not factually supported.

## B.    Sanchez's Age

7.    Sanchez claims his date of birth is two years later than what is recorded on the Court's criminal docket. This would have made him 17 at the time the crime was committed and when he was arrested.[9] He contends that because he was still a minor at the time of his arrest, an amenability hearing in Family Court should have occurred prior to him being charged as an adult in Superior Court. This argument is unavailing.

8.    Del. Code Ann. tit. 10, § 1010(a)(1) provides: "A child shall be proceeded against as an adult where … [t]he acts alleged to have been committed constitute first or second degree murder." Therefore, even if Sanchez was 17 at the time of his arrest, it was still appropriate to proceed against him as an adult in Superior Court because he was charged with first degree murder.

9.    Further, although not directly addressed by Sanchez, his allegation that he was a minor at the time of his arrest gives rise to the question of whether it was error to not provide him a reverse amenability hearing pursuant to DEL. CODE ANN. tit. 10, § 1011 and Superior Court

---

[9] The docket states Sanchez's birth date is October 19, 1983. Sanchez claims his actual birth date is October 18, 1985. *See* Docket 14, p. 9.

Criminal Rule 19. Even assuming, however, that Sanchez was 17 at the time of his arrest (which is entirely unsupported), given the Court's finding that Sanchez voluntarily entered his plea, *see infra* C., he has waived any right he may have had to such a hearing.[10]

### C.    Ineffective Assistance of Counsel

10.    There are two components to an ineffective assistance of counsel claim, both of which a defendant must establish to prevail: (1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's actions were prejudicial to the defense, creating a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.[11]  "Under the first prong there is a 'strong presumption that the representation was professionally reasonable'

---

[10] *See Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 15, 2004) ("A voluntary guilty plea waives a defendant's right to challenge any errors or defects before the plea, even those of constitutional dimension."); *Perkins v. State*, 2006 WL 3053271, at *1 (Del. Oct. 27, 2006) ("Delaware law provides that a voluntary guilty plea constitutes a waiver of any alleged errors or defects occurring prior to the entry of the plea."); *Rodriguez v. State*, 2003 WL 1857547, at *1 (Del. Apr. 7, 2003) (Defendant's "guilty plea … eliminates his claim relating to events that occurred before the entry of the plea[.]"); *State v. Davis*, 1999 WL 743588, at *12 (Del. Super. Ct. July 2, 1999) (Defendant "contends the reverse amenability hearing is mandatory and is not subject to waiver. … He cites, however, no authority for the proposition that such a hearing is mandatory. … [Section] 1011(b) '[p]ermits, but does not require' such a hearing. Constitutional rights to silence and counsel are not absolute and can be waived, so it hardly seems worth saying a statutory proceeding cannot be waived.").

[11] *See Strickland v. Washington*, 466 U.S. 668, 687-694 (1984); *State v. Flonnory*, 2003 WL 22455188, at *1 (Del. Super. Ct. Oct. 29, 2003).

6

and, under the second prong, a defendant must affirmatively prove prejudice."[12]

11.    Sanchez has failed to meet this burden. His claims that his attorney coerced him into pleading guilty, never fully explained the charges, and failed to adequately investigate the facts of the case are entirely conclusory and unsubstantiated.[13]    Sanchez offers no support for his accusations that his attorney engaged in any such conduct. His brief in support of his motion is riddled with mere accusations for which there is no corroboration.[14]    Therefore, because "[c]onclusory claims raised in a defendant's motion for postconviction relief are insufficient to prove ineffective assistance of counsel," Sanchez's claim must fail.[15]

---

[12] *Fletcher v. State*, 2006 WL 1237088, at *2 (Del. Super. Ct. May 9, 2006) (citation omitted).

[13] *See* Docket 14, p. 11-18.

[14] *See id.*

[15] *State v. Brown*, 1998 WL 735880, at *3 (Del. Super. Ct. Aug. 20, 1998). *See also State v. Dividu*, 1992 WL 52348, at *2 (Del. Super. Ct. Feb. 12, 1992) ("[M]ovant has failed to provide any factual support for his perfunctory allegations. He does not state, for example, in what regard his counsel failed to prepare for trial[.]  As Rule 61(b)(2) obviously contemplated, without this information I am unable to effectively evaluate the merit of movant's claims."); *State v. Canon*, 1999 WL 1441997, at *3 (Del. Super. Ct. Dec. 9, 1999) (The Court found Defendant's claim, that counsel "failed to investigate the case," "repetitive, vague, and entirely conclusory, warranting summary dismissal."); *Zimmerman v. State*, 1991 WL 190298, at *1 (Del. Super. Ct. Sept. 17, 1991) (citations omitted) ("This Court will not address Rule 61 claims that are conclusory and unsubstantiated.").

12.     Moreover, a review of the transcript from the plea colloquy reveals that the Court engaged in a thorough discussion with Sanchez as to the nature and consequences of his decision to plead guilty. The record shows Sanchez confirmed, in open court and on his signed "Truth-In-Sentencing Guilty Plea Form" (which was provided to him in Spanish), that he carefully reviewed the plea agreement with his attorney, he was freely and voluntarily pleading guilty to Murder Second Degree, his attorney had not forced or threatened him to plead guilty, and that he was satisfied with his attorney's representation. There being an absence of clear and convincing evidence to the contrary, Sanchez is bound by those representations.[16] Accordingly, the Court finds that Sanchez entered his plea agreement knowingly, intelligently and voluntarily.

13.     Based on the foregoing, Sanchez's Motion for Postconviction Relief is **SUMMARILY DISMISSMED**.

**IT IS SO ORDERED**.

Peggy L. Ableman

**Peggy L. Ableman, Judge**

Original to Prothonotary

cc:     Asuncion R. Sanchez
        Dean C. DelCollo, Esq.
        Diane C. Walsh, Esq.

---

[16] *Felix v. State*, 2006 WL 1971786, at *2 (Del. July 14, 2006).

8

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ASUNCION R. SANCHEZ, | § |
| | § No. 12, 2007 |
| Defendant Below, | § |
| Appellant, | § |
| | § |
| v. | § Court Below—Superior Court |
| | § of the State of Delaware, |
| STATE OF DELAWARE, | § in and for New Castle County |
| | § Cr. ID 0308006394 |
| Plaintiff Below, | § |
| Appellee. | § |

Submitted: July 9, 2007
Decided:  July 24, 2007

## O R D E R

This 24th day of July 2007, it appears to the Court that, on June 25, 2007, the

State of Delaware filed a motion to dismiss this appeal on the ground that it was

not timely filed. The appellant's response was due on or before July 9, 2007. The

appellant has failed to respond to the motion to dismiss within the required ten-day

period; therefore, dismissal of this action is deemed to be unopposed.

NOW, THEREFORE, IT IS HEREBY ORDERED, pursuant to Supreme

Court Rules 3(b)(2) and 29(b), that the within appeal is DISMISSED.

BY THE COURT:

Chief Justice

# Certificate of Service

I, _Asuncion R. Sanchez_ ,hereby certify that I have served a true

And correct cop(ies) of the attached: _Petition For Habeas Corpus_ _____ _____

_____ ____ _____ ____ _____ _____ upon the following

parties/person (s):

TO: Office of the Attorney General
    Department of Justice State
    Office Building 820 N. French
    Street
    Wilmington, Delaware 19801

TO: United States District Court
    844 N. King Street
    Lockbox 18

    Wilmington, Delaware 19801

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this_____ _____day of _____ _____ ,200__

I/M: Asuncion Sanchez
SBI#: 511628   UNIT 22 - B - upper 4

**DELAWARE CORRECTIONAL CENTER**
**1181 PADDOCK ROAD**
**SMYRNA, DELAWARE 19977**



To: United States District Courts
844 N. King Street
Wilmington Delaware
                  19801

