IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASUNCION SANCHEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 08-274-SLR |
| ) | |
| PERRY PHELPS, Warden, ) | |
| and JOSEPH R. BIDEN, III ) | |
| Attorney General of the State ) | |
| of Delaware, ) | |
| ) | |
| Respondents.[1] ) | |

Asuncion Sanchez.  Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

June 4, 2009
Wilmington, Delaware

---

[1] Warden Perry Phelps assumed office in January 2008, nine months before petitioner filed his habeas application.  Therefore, petitioner incorrectly named Elizabeth Burris as the acting warden.

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Asuncion R. Sanchez's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 19, 2004, petitioner pled guilty to second degree murder. The Superior Court sentenced him to twenty years at Level V incarceration, suspended after eighteen years for two years at Level III supervision. The first fifteen years of the sentence are mandatory. Petitioner did not appeal his conviction or sentence.

Petitioner filed a motion for post-conviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61 motion") on August 28, 2006. The Superior Court denied the Rule 61 motion on December 4, 2006. *State v. Sanchez*, 2006 WL 3492387 (Del. Super. Ct. Dec. 4, 2006). Petitioner appealed, but the Delaware Supreme Court dismissed the appeal as untimely. *Sanchez v. State*, 2007 WL 2792441 (Del. July 24, 2007).

Petitioner filed the pending § 2254 application in May 2008, asserting that counsel provided ineffective assistance by: (1) failing to contact the Mexican Consulate and by only providing a translator for the plea colloquy and sentencing hearing who spoke a different dialect; (2) failing to obtain documents proving that petitioner was a minor when he committed the crime, which would have demonstrated that he was entitled to an amenability hearing; and (3) coercing petitioner to accept an illegal plea.

(D.I. 1) The State contends that the court should dismiss the application in its entirety for being time-barred. (D.I. 10) Alternatively, the State asks the court to deny all the claims asserted in the application as procedurally barred from habeas review. *Id.*

## III. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated May 2008, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Because he does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D), the one-year period of limitations in this case began to run when petitioner's conviction became final under §

2

2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced petitioner on August 13, 2004, and he did not appeal. Therefore, petitioner's conviction became final on September 13, 2004.[2] *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal). Accordingly, to comply with the one-year limitations period, petitioner had to file his § 2254 application by September 14, 2005. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner filed his habeas application on May 4, 2008,[3] a little less than three years after the expiration of the limitations period. Thus, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss

---

[2]Because the last day of the appeal period actually fell on Sunday, September 12, 2004, the appeal period extends through Monday, September 13, 2004. Del. Supr. Ct. R. 11(a).

[3]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing, and thus, of filing). The certificate of mailing in petitioner's application is dated May 4, 2008. Therefore, the court adopts May 4, 2008 as the filing date.

each doctrine in turn.

## B. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. See *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, petitioner filed his Rule 61 motion August 28, 2006, almost one full year after the expiration of AEDPA's limitations period. Therefore, his Rule 61 motion has no statutory tolling effect.

## C. Equitable Tolling

The court may also toll AEDPA's limitations period for equitable reasons if petitioner's case is "the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). The Third Circuit has identified three situations in which equitable tolling may be warranted:

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616 (3d Cir. 1998); *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). However, equitable tolling will only be warranted if petitioner demonstrates that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he

4

was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller*, 145 F.3d at 618-19; *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004).

In this case, petitioner asserts that his lack of legal knowledge and his limited understanding of the English language constitute extraordinary circumstances which prevented him from timely filing the instant habeas application. (D.I. 1, at ¶ 18) The court disagrees. To begin, a pro se petitioner's lack of legal knowledge, or a mistake resulting from the absence of such knowledge, does not constitute an extraordinary circumstance for equitable tolling purposes. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002).

As for petitioner's alleged lack of proficiency with the English language, this court denied a similar argument for equitable tolling in a habeas decision issued in 2004. *See Taylor v. Carroll*, 2004 WL 1151552 (D. Del. May 14, 2004). The Third Circuit Court of Appeals has not addressed the question as to whether a language barrier can act to equitably toll the limitations period since this court's decision in 2004. However, the Second and Ninth Circuits have held that a language deficiency may warrant equitable tolling when the petitioner demonstrates that the language barrier actually affected his ability to file the habeas application in a timely manner[4] and that he "made all reasonable efforts to obtain assistance and mitigated his language ability." *Diaz v.*

---

[4]According to the Ninth Circuit, a language barrier should be viewed as having actually prevented a petitioner from timely filing a habeas application when the petitioner does not speak English, the prison law library lacks legal materials in his native language, and he was unable to obtain translation assistance prior to the expiration of the limitations period. *Mendoza*, 449 F.3d at 1070.

5

*Kelly*, 515 F.3d 149, 154 (2d Cir. 2008); see *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006). Even if the court were to apply the reasoning of the Second and Ninth Circuit courts to petitioner's situation, equitable tolling would not be warranted because the record belies any suggestion that language difficulties actually prevented petitioner from filing his application in a timely manner. See *United States v. Sosa*, 364 F.3d 507, 512-13 (4th Cir. 2004)(pro se litigant's alleged language difficulties did not justify equitable tolling for § 2255 motion because defendant wrote numerous court filings himself in English and PSR indicated defendant's belief that his English skills were excellent); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)(pro se litigant's alleged language difficulties did not justify equitable tolling for § 2254 application because record contained detailed letter written by defendant to counsel, in English; even if someone helped defendant draft post-conviction motions, he was able to communicate with the person who helped him). The documents filed in this proceeding and in petitioner's state court proceedings are in English and well-written. To the extent someone else may have helped petitioner prepare the documents, petitioner has not alleged that he was unable to obtain such help prior to the expiration of the limitations period. Thus, viewing the totality of circumstances, the court concludes that petitioner's alleged lack of English proficiency does not justify equitable tolling. Accordingly, the court will dismiss petitioner's habeas application as time-barred.[5]

---

[5]The court's conclusion that the application is time-barred eliminates the need to address the State's alternative argument that the court is procedurally barred from reviewing the merits of the three claims raised in the application due to petitioner's procedural default of the claims in the Delaware state courts.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484.

The court finds that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28

U.S.C. § 2254 is denied. An appropriate order shall issue.